# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANK A MOULTRIE, | ) |
| Plaintiff, | ) |
| v. | ) 2:18-cv-01521-LSC |
| FORD MOTOR COMPANY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

### I. INTRODUCTION

Plaintiff–Debtor Frank A. Moultrie initiated this adversary proceeding against Defendant Charles O. Wall, II ("Wall") in the United State Bankruptcy Court for the Northern District of Alabama. Wall has filed a motion for summary judgment and pursuant to 28 U.S.C. § 157(c), the bankruptcy judge issued a report and recommendation that proposes that Wall's motion be granted in part and denied in part.[1] (Doc. 1)

---

[1] A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c).

This suit is now before the Court on the recommendation of the bankruptcy judge and the objections filed by Wall. Wall's objections do not contain any new arguments, but instead include arguments both Wall and other Defendants raised in their summary judgment briefing before the bankruptcy judge. The Court, having carefully reviewed and considered the proposed findings of fact and conclusions of law *de novo*, finds no reason to take additional evidence, and finds that for the reasons discussed below Defendant's objections to the bankruptcy judge's report and recommendation are due to be overruled, and the Court will adopt the recommendation of the bankruptcy judge.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 157(c)(1), "any final order or judgment [in a non-core bankruptcy proceeding] shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). Under Federal Rule of Bankruptcy Procedure 9033, district courts are tasked with making a "de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule." FED. R. BANKR. P. 9033(d). After review, the district court "may accept, reject, or modify

the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." *Id.*

## III. DISCUSSION

As an initial matter, the Court agrees with and adopts the bankruptcy judge's statement of facts and only includes such facts here to facilitate a better understanding of the Court's analysis.

In July 2009, Autauga Automotive LLC ("Autauga") was formed to purchase the assets of Gilmore Ford in Prattville, Alabama. Although Defendant Charles O. Wall ("Wall") initially formed Autauga with Jesse Mariner ("Mariner"), Mariner was replaced by Plaintiff Frank Moultrie ("Moultrie") due to issues related to Ford's approval of Mariner as a potential franchise owner and member of Autauga. Autauga then entered a Sales and Service Agreement with Ford. In this agreement, Moultrie and Wall were listed as co-managers of the dealership. Initially, Moultrie was assigned a 51 % interest in Autauga.

The business relationship between Moultrie and Wall then deteriorated, leading Wall and Autauga to file suit against Moultrie in the Circuit Court of Autauga County, Alabama. In this action, Wall sought to prevent Moultrie from removing him as a member of Autauga as well as a determination of the parties' respective interest in Autauga. On March 11, 2014, the circuit court entered a judgment finding

in favor of Wall and declaring that Wall was the 100% owner of Autauga. Seven days later, Wall executed a Second Amendment to Autauga's Articles of Organization that listed Wall as the sole owner. Six days after Wall amended the Articles of Organization, Moultrie filed a notice of appeal. Although Moultrie filed at least two motions to stay, these motions were denied and it is undisputed that he never posted a supersedeas bond.

While Moultrie's appeal was pending, Ford and Autauga executed another Sales and Service Agreement regarding the dealership that recognized Wall as the sole equity interest owner. In May 2014, Autauga and Wall—as a member of Autauga— entered into an asset purchase agreement ("APA") to sell the dealership to Long-Lewis of the River Region, Inc. ("Long-Lewis") and Todd C. Ouellette ("Oulette"). Accordingly, Autauga notified Ford it was resigning from the Franchise. Autauga's resignation became effective on August 4, 2014, when Long-Lewis entered a franchise agreement with Ford. Pursuant to the terms of the APA, the assets purchase closing between Autauga and Long-Lewis occurred the next day. Ultimately, the dealership was sold for less than its outstanding debts. In September 2014, Moultrie filed Chapter 11 bankruptcy.

In February 2015, the Alabama Supreme Court affirmed in part and reversed in part the circuit court's order. *See Moultrie v. Wall*, 172 So.3d 828 (Ala. 2015). The

Alabama Supreme Court affirmed the circuit court's finding that Moultrie only owned a 10% interest in Autauga, but it reversed the circuit court's determination that Moultrie had been divested of that interest and remanded the case with instructions that "the circuit court enter a judgment in favor of Moultrie." *Id.* at 847. In March 2015, the circuit court entered an order in accordance with the Alabama Supreme Court's ruling.

      In December 2015, Moultrie's counsel called a special meeting of Autauga to amend Autauga's Articles of Organization to recognize Moultrie's interest in Autauga. Wall responded to the request by adding a potential a cash-call to the agenda. Moultrie then attempted to postpone the meeting. Wall did not postpone the meeting. At this meeting, Wall presided and determined that he could proceed with the meeting, even though Moultrie was absent, because a majority in interest of Autauga was present. During the meeting, Wall claimed that Moultrie was divested of his interest in Autauga by filing bankruptcy, and then discussed a cash-call declaring that he would issue letters requiring members to make contributions within thirty days and that the letters would indicate that the contribution of the members would be reduced proportionately if they failed to contribute. Wall claims that Moultrie failed to make any capital contribution and thus his interest was rebalanced to zero.

Wall objects to the bankruptcy judge's conclusion that a question of material fact exists as to Moultrie's membership interest such that Moultrie's claims of conversion of his membership interest (Count VII), share of the APA proceeds (Count VIII), and any lost profits and/or retained earnings (Count XII) may remain pending. Wall objects to the bankruptcy judge's conclusion that a question of material fact exists as to Moultrie's conversion claims on the grounds that (1) it is a legal impossibility for Wall to be liable to Moultrie for conversion and (2) that Moultrie may not maintain a conversion claim because he is collaterally estopped from arguing that he ever contributed capital to Autauga.

The elements of the tort of conversion have been long established, and these elements are relatively simple in their application to any given set of circumstances. To sustain a claim of conversion, there must be (1) a wrongful taking; (2) an illegal assertion of ownership; (3) an illegal use or misuse of another's property; or (4) a wrongful detention or interference with another's property." *Drennen Land & Timber Co. v. Privett*, 643 So. 2d 1347, 1349 (Ala. 1994). Conversion can be established in one of two ways. First, a plaintiff could show "that the defendant converted specific personal property to the defendant's own use and beneficial enjoyment." *Huntsville v. Golf Dev., Inc. v. Ratcliff, Inc.*, 646 So. 2d 1334, 1336 (Ala. 1994). A plaintiff "could also show that the defendant destroyed or exercised

dominion over property to which, at the time of the destruction or exercise of dominion, the plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which the plaintiff was entitled to immediate possession." *Id.* The "plaintiff must show legal title in himself to the property at the time of the conversion and his immediate right of possession." *McGee v. McGee*, 91 So. 3d 659, 667 (Ala. 2012) (quotation omitted).

Although conversion is an intentional tort, "[t]he intent required is not necessarily a matter of conscious wrongdoing. It is rather an intent to exercise [] dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." *Johnson v. Northpointe Apartments*, 744 So. 2d 899, 904 (Ala. 1999) (internal citations and quotations omitted). Thus, "[t]he bare possession of property without some wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser, is not conversion." *Clardy v. Capital City Asphalt Co.*, 477 So. 2d 350, 352 (Ala. 1985).

### A. Wall's assertion that Moultrie's conversion claims are a legal impossibility.

First, Wall argues that the bankruptcy judge erred in finding that a question of material fact existed as to Moultrie's claim of conversion of his membership interest in Autauga because he was entitled to rely on the circuit court order declaring that he was the "100% owner in capital and profits and losses of Autauga Automotive,

LLC." (Doc. 1-6.) Regardless of whether Wall was permitted to rely on the circuit court's order and to remove Moultrie only seven days after the circuit court's order was entered, a question of material fact as to Moultrie's membership interest exists in light of the Alabama Supreme Court's ruling in February 2015 reversing the circuit court's prior declaration. The Alabama Supreme Court ruling specifically found that Moultrie had a ten percent ownership interest in Autauga, and remanded the case with instructions for the circuit court to enter an order requiring Autauga and Wall to act in accordance with its determination. *Moultrie*, 172 So.3d at 847. The circuit court entered this Order on March 18, 2015. Based on the undisputed facts, Wall did not amend Autauga's operating agreement to recognize Moultrie's interest. Instead, Wall took actions to terminate Moultrie's interest in Autauga when he sought to formally amend the Articles of Organization to recognize his interest in December 2015. Accordingly, the Court finds that Wall's objection in this regard is due to be overruled as there is a question of material fact as to Moultrie's membership interest that must be resolved.

Secondly, Wall asserts that Moultrie cannot maintain his other conversion claims because, even if he did have a membership interest in Autauga that was converted, there were no damages as a result of any conversion. To support this assertion, Wall argues that (1) the dealership was sold for less than its total

outstanding debts, (2) Autauga Automotive owned the dealership and thus Moultrie has no interest in the dealership pursuant to Ala. Code § 10A-5A-4.02, (3) Moultrie lost his interest in Autauga Automotive when he filed bankruptcy pursuant to Ala. Code §10A-5A-11.06(h), and (4) Moultrie did not meet the capital call that Wall initiated in December 2015.

The question of fact as to the nature and extent of Moultrie's ownership interest must be addressed before any evaluation of the possible damages available to Moultrie for conversion of any lost profits, retained earnings, or potential proceeds from the APA can be decided as the damages that available are dependent not only on the nature of Moultrie's interest in Autauga, but the time at which this interest existed.

Although Wall argues that Moultrie's bankruptcy removed his interest in Autauga and rendered him unable to recover any damages, an individual who is a dissociated member of an LLC may still "receive the distributions to which that member would have been entitled if the member had not dissociated." Ala. Code § 10A-5A-6.03. Accordingly, Wall's objections arguing that Moultrie suffered no damages and that Moultrie's conversion claims are legally impossible are due to be overruled.

## B. Wall's Collateral Estoppel Objection

Wall objects to the bankruptcy judge's finding that a question of material fact exists as to Moultrie's membership interest because he claims that Moultrie is collaterally estopped from asserting that he ever made any capital contributions. In order to decide if the Alabama state court judgment has preclusive effect in this case, the Court will analyze Alabama's law of collateral estoppel. *Vazquez v. Metro. Dade Cnty.*, 968 F.2d 1101, 1106 (11th Cir. 1992); *Cmty. State Bank v. Strong*, 1241, 1263 (11th Cir. 2011). The elements of collateral estoppel are "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions." *Smith v. Union Bank & Trust Co.*, 653 So.2d 933, 934 (Ala. 1995) (citing *Dairyland Ins. Co. v. Jackson*, 566 So.2d 723, 726 (Ala. 1990)). "Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior suit." *Lott v. Toomey*, 477 So.2d 316, 319 (Ala. 1985).

Wall has not demonstrated that the circuit court's determination that Moultrie never contributed capital has been actually litigated or necessarily decided, especially in light of the Alabama Supreme Court's opinion in *Moultrie v. Wall*, 172 So.3d 828 (2015). The circuit court's initial decision excused Wall from holding a

meeting to initiate a cash call and remove Moultrie because it thought such a meeting would be fruitless given the fact that Moultrie had never contributed any capital. (Doc. 1-6 at 3–5.) On appeal, the Alabama Supreme Court affirmed the circuit court's conclusion that the operating agreement between the parties had been amended, such that Moultrie had a ten percent interest in Autauga. *Moultrie*, 172 So.3d at 844. However, the Alabama Supreme Court reversed the circuit court's determination that Moultrie did not have an interest in Autauga based on the operating agreement between the parties. *Id.* at 845–47. The Alabama Supreme Court specifically reversed the "circuit court's judgment. . . insofar as it as it held that Moultrie was divested of his 10% interest in Autauga Automotive by failing to contribute additional capital pursuant to Wall's September 2012 capital call." *Id.* at 847. The Alabama Supreme Court then ordered that the case be "remanded with directions to the circuit court to enter a judgment in favor of Moultrie on the claim that Moultrie was divested in his interest in Autauga Automotive." *Id.*

Accordingly, although the Opinion did reference the circuit court's finding that Moultrie never made a capital contribution, the Alabama Supreme Court did not ultimately rely on or address the alleged lack of capital contributions by Moultrie. *Id.* at 838. Therefore, although Wall claims that the circuit court's finding that Moultrie never contributed any capital was affirmed, the Alabama Supreme Court's

opinion does not indicate that the resolution of the capital call issue was necessary to its decision or a dispositive fact warranting affirmance of the circuit court's prior decision. Moreover, the fact that this issue was not necessarily decided is further demonstrated by the fact that the Alabama Supreme Court remanded the case with instructions for the circuit court to restore Moultrie's interest in Autauga, without regard to the fact that Moultrie may have never contributed any capital. Therefore, Wall's objection on the basis of collateral estoppel is due to be overruled.

## IV. CONCLUSION

In accordance with the Memorandum Opinion entered herewith, the Court finds that Wall's objections to the report and recommendation filed by the bankruptcy judge are due to be and are hereby OVERRULED. The Court ACCEPTS and ADOPTS the report and recommendation (doc. 1) of the bankruptcy judge as supplemented by this Memorandum of Opinion. Therefore, Wall's Motion for summary judgment is GRANTED in PART and DENIED in PART. An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on August 9, 2019.

L. Scott Coogler
United States District Judge

195126